UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12132-RGS

JAMES BOSTIC

v.

ANDREW MANSUKHANI and MATTHE MELLADY

MEMORANDUM AND ORDER

November 16, 2017

STEARNS, D.J.

For the reasons stated below, the court dismisses this action.

I. **BACKGROUND**

James Bostic, who is incarcerated at FMC Devens, has filed a pleading captioned as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and paid $5.00 for the filing fee. Bostic alleges that, while he was incarcerated at FCC Butner, prison staff members were negligent by failing to secure his personal property while he was in the special housing unit. As a result of this alleged misconduct, Bostic's property was stolen. On March 3, 2017, Bostic filed with the Bureau of Prisons ("BOP") an administrative tort claim concerning the loss of his property. The government denied the

claim, concluding that there was not any evidence of negligence on the part of any BOP staff member. Bostic seeks $663.95 in damages.

The petition has not been served pending the court's preliminary review of the pleading. *See* 28 U.S.C. § 2243.

## II. DISCUSSION

### A. Habeas Relief

Habeas corpus review is available under § 2241 if a person is "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Here, habeas relief is not available. Bostic is not challenging the fact or duration of his confinement. He complains of the loss of personal property due to the alleged negligence of BOP staff members. Accordingly, the court must deny Bostic's petition for a writ of habeas corpus.

## B. Federal Tort Claims Act

Bostic's pleading also fails when construed as a non-habeas civil action.

The Federal Employees Reform and Tort Compensation Act of 1988, or the "Westfall Act," 28 U.S.C. § 2679(b) provides that a suit against the United States under the Federal Tort Claims Act ("FTCA") is the exclusive remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office." 28 U.S.C. § 2679(b)(1).[1] The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees, *see* 28 U.S.C. 1346(b)(1), but, as relevant here, excludes from that waiver "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property . . . by any officer of customs or excise or any other law enforcement officer," 28 U.S.C. § 2680(c).

---

[1] The Westfall Act does not apply to an action against a government employee "(A) which is brought for a violation of the Constitution of the United States; or (B) which is brought for a violation of a statute on the United States under which such action against an individual is otherwise authorized." 28 U.S.C. § 2679(b)(2). Neither of these exceptions applies in the circumstances alleged by Bostic.

Bostic's cause of action falls within this waiver exclusion of the FTCA. For purposes of the FTCA, a BOP officer is a "law enforcement officer." *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 227-228 (2008). Further, "'any claim arising in respect of' the detention of goods means any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property." *Kosak v. United States*, 465 U.S. 848, 854 (1984). Here, Bostic's claim that BOP officers negligently failed to protect his property from theft while he was segregation is a claim arising out of the negligent handling or storage of his property. *See, e.g.*, *Brown v. United States*, 384 Fed. Appx. 815, 818 (10th Cir. 2010) (holding that § 2680(c) barred claim against BOP officer who allegedly allowed inmates to rifle through and steal property of inmate who was in segregation).

## III. CONCLUSION

Accordingly, this action is DISMISSED.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE